# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

Laurie Bordock,

    Plaintiff,

v.

City of Eufaula, Oklahoma and
County of McIntosh,

    Defendants.

Case No. 16-CIV-571-RAW

## ORDER

    Before the court is the Motion to Dismiss by Defendant City of Eufaula [Docket No. 17], which was filed on January 24, 2017. This case was filed on December 19, 2016 in the United States District Court for the Western District of Oklahoma. The case was transferred to this court on December 22, 2016 [Docket No. 5].

    Plaintiff is appearing *pro se* in this matter. The court construes liberally the pleadings of all *pro se* litigants. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

    On January 31, 2017, the court entered an order directing Plaintiff to file an amended complaint to provide additional factual averments to vitiate Defendant's claims of insufficiency [Docket No. 18]. To date, no amended complaint has been filed.

    Additionally, on March 16, 2017, the court entered an order directing Plaintiff to file a response to the pending Motion to Dismiss no later than April 7, 2017, or the motion would be deemed confessed [Docket No. 22]. To date, no pleading has been filed.

1

On January 20, 2017, the Clerk of this court returned three letters from the Plaintiff, stating they were not in proper format for filing [Docket No. 16]. Another letter was returned to Plaintiff on February 8, 2017 [Docket No. 20]. Since that time, Plaintiff has continued to mail letters to the Clerk of the Court for the Western District of Oklahoma. Those letters were forwarded to this court. Unfortunately, the letters are hand-written and difficult to decipher.[1]

The court must accept as true all well-pleaded factual allegations in the complaint and view those allegations in the light most favorable to Plaintiff. *Nixon v. City and County of Denver,* 784 F.3d 1364, 1368 (10th Cir.2015). Plaintiff is not required to establish a prima facie case in the complaint, but is only required to allege enough factual allegations to set forth a plausible claim. *Pueblo of Jemez v. United States,* 790 F.3d 1143, 1172 (10th Cir.2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Defendant contends that Plaintiff has not met the applicable pleading standard. In general, "Rule 8(a)(2) still lives. . . Under Rule 8, specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the ground upon which it rests." *Pueblo of Jemez v. United States,* 790 F.3d 1143, 1172 (10th Cir.2015)(internal brackets omitted; quoting *Khalik v. United States,* 671 F.3d 1188,

---

1  This is the fourth case that Plaintiff has filed in this district. *See Bordock v. Arrowhead Mall*, Case No. 10-CIV-186-RAW; *Bordock v. City of Sallisaw, et al.,* Case No. 12-CIV-508-JHP; and *Bordock v. City of Poteau*, Case No. 14-CIV-399-JHP. All of Plaintiff's pleadings in these cases have been hand-written and almost illegible.

1191-92 (10th Cir.2012)). On the other hand, complaints are not sufficient "that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *Khalik,* 671 F.3d at 1191.

In a case against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations . . . ." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247, 1248 (10th Cir. 2008) (emphasis in original). Otherwise, the complaint would fail to provide fair notice and to present a plausible right to relief.

The court finds that Plaintiff has failed to state a claim upon which relief can be granted as to Defendant City of Eufaula. Specifically, Plaintiff has pled no facts from which a plausible claim of false arrest can be inferred. Also, no facts have been pled that the City of Eufaula operates or maintains the McIntosh County Jail; therefore, no plausible claim of responsibility for jail conditions has been stated. The Motion to Dismiss [Docket No. 17] is GRANTED.

Dated this 10th day of May, 2017.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA